SECURITY INS. CO. OF NEW HAVEN, CONN., v. THORNTON.

NATIONAL ASSUR. CO. OF DUBLIN, IRELAND, v. SAME.

(Circuit Court of Appeals, Third Circuit.   June 29, 1903.)

Nos. 41, 42.

**1. APPEAL—REVIEW—ASSUMING FINDING OF JURY.**
It is not within the province of an appellate court to inquire into the probable grounds of a verdict, and it cannot assume, from the fact that the jury in an action on an insurance policy returned a verdict for plaintiff for a sum much smaller than the value of the property destroyed as testified to by him, that they found him to have sworn falsely, and on such assumption direct a judgment for defendant notwithstanding the verdict, especially where the court charged, in accordance with the terms of the policy, that, if they so found, plaintiff was not entitled to recover.

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

See 117 Fed. 773.

M. J. Martin and John T. Lenahan, for plaintiff in error.
John McGahren, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

DALLAS, Circuit Judge.   These cases were tried together in the Circuit Court, and have been argued together here.   They were actions brought by the defendant in error to recover, in each instance, upon a policy of fire insurance.   The brief of the plaintiff in error states that the "questions involved" are:

"(1) Can the insured, in a fire insurance policy which contains a clause requiring him to forthwith separate the damaged from the undamaged property immediately after the loss occurs, and who fails to comply with this provision, recover in an action on the policy, if the policy provides that no action shall be sustainable, in any court of law or equity, upon the policy, until full compliance by the insured with the foregoing requirements?   (2) Does the verdict of a jury for nineteen hundred dollars, which is found to be the total value of the insured property covered by all of his insurance, and which is about one-fourth of what the insured testifies to be the sound value of the property covered by the insurance, and sworn to by the plaintiff at the trial, amount to a finding of fraud and false swearing, on the part of the plaintiff, which would warrant the court in entering judgment in favor of the insurance companies and against the plaintiff, when the policy sued upon provided that any fraud or false swearing on the part of the insured, whether before or after the loss, would render the policy void?"

The first of these questions, if abstractly considered, could be answered only in the negative.   But we are not concerned with abstractions, but with the action of the court below as related to the circumstances of this case, and of this the plaintiffs in error have no reason to complain.   In compliance with their request, the learned trial judge instructed the jury:

"Ninth. It was the duty of the plaintiff, P. M. Thornton, immediately after the loss, to protect the property insured from further damage, and put it in the best possible order, and if you find that the plaintiff failed in this respect, and abandoned the property described in the policies of the defendant com-

panies, then your verdict will be in favor of the defendant. Tenth. It was the duty of the plaintiff, P. M. Thornton, immediately after the fire occurred, to forthwith separate the damaged from the undamaged personal property, and put the property in the best possible order; and if you find that the plaintiff has failed in this respect, and that he did not, immediately after the fire, separate the damaged from the undamaged property, and put the property in the best possible order, then your verdict will be in favor of the defendant."

In affirming these points, the court below ruled the law in terms chosen by the plaintiffs in error themselves, and no error has been assigned to its further ruling that if the jury believed "that, after the fire, P. M. Thornton was hindered or delayed by any act or conduct on the part of the company, or its authorized agent, from having full charge of the property, so that he could separate the damaged from the undamaged articles and make a list thereof, according to the terms of the policy, then the company is estopped from setting up a breach of the conditions as to the care of the property, and the separating of the damaged from the undamaged goods, and making out a list thereof."

It thus appears that, with instructions which are not even alleged to have been erroneous, it was left to the jury to determine whether Thornton had or had not complied with the requirements of the policies as to the separation of the goods, and the making of an inventory, and whether, if he had not, he was hindered by the companies or their authorized agent; and that the evidence not only justified, but imperatively demanded, the submission of these questions of fact, our examination of the record has fully satisfied us.

The second question is based upon the specification that "the learned court erred in overruling the defendant's motion for an arrest of judgment, and judgment non obstante veredicto in favor of the defendant and against the plaintiff." We cannot sustain this assignment. It may be that, when there is a great discrepancy between the amount asserted by a plaintiff to be the actual loss and the amount awarded by the jury, the court of first instance would be justified in taking such discrepancy into consideration upon a motion for new trial; but a court of error would not, upon that ground, be warranted in directing a judgment for the defendant, notwithstanding a verdict for the plaintiff. In this case the jury did not expressly find that the plaintiff had committed a fraud, and we are not at liberty to conjecture, as matter of implication, that they did so. It is not within the province of an appellate tribunal to inquire into the probable grounds of a verdict in any case, and to assume in this one that fraud was really found by the jury would be to impute to it a disregard of the reiterated instructions of the court, which were unmistakably to the effect that, if fraud had been shown, the defendants below would be entitled to a verdict.

The judgment in each of these cases is affirmed.